CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

April 21, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **CAL LEE DAVIS, JR.,** | ) | |
| **Petitioner,** | ) | **Civil Action No. 7:26cv00040** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **MAJOR SCOTT SEARS,** | ) | **By: Robert S. Ballou** |
| **Respondent.** | ) | **United States District Judge** |

Petitioner Cal Lee Davis, Jr., *pro se*, filed this petition for habeas corpus under 28 U.S.C. § 2241 challenging the legality of his pretrial detention at the Lynchburg Adult Detention Center. Davis was held in contempt and detained November 19, 2025 in the Bedford General District Court while appearing on several traffic and misdemeanor charges and a preliminary hearing on a felony drug charge arising out of the traffic stop on September 5, 2026.[1] Subsequently, he was told he was being detained not for contempt, but for violating the terms of his pretrial release.

On February 26, 2026, Davis notified the court of his change of address, which appeared to be a private address and not a jail or prison. Upon further investigation, the court determined that Davis was no longer in custody and that the charges against him in Bedford were no longer pending. Per Bedford General District Court records, on February 25, 2026, the court dismissed the felony drug charge and the pretrial release violation. All other traffic and misdemeanor offenses were dismissed on motion for nolle prosequi[2] by the Commonwealth.

---

[1] In his original and amended Petitions, Davis alleges that the traffic stop occurred on August 5, 2025, but the Virginia Online Case Information System indicates that the stop occurred on September 5, 2025. All other aspects of the case, including hearing dates and the charge for violating pretrial conditions, are consistent with Davis's allegations, such that it appears the correct date of the original traffic stop was September 5, 2025.

[2] Nolle prosequi refers to the Commonwealth's decision to drop charges without prejudice to refiling them.

The purpose of habeas corpus is to test the legality of one's detention.  Petitions may be filed under § 2241 by one who is in custody in violation of the Constitution or laws or treaties of the United States.  A person in custody may file under § 2241 whether he has been convicted or not, regardless of the present status of the case against him.  *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995).  When the petitioner is released from custody, however, the case becomes moot.  *McCue v. Director, Sheriff Al Cannon Det. Ctr*, No. 24-6711, 2025 WL 227783 (4th Cir. Jan. 17, 2025) (unpublished per curiam).  The court no longer has jurisdiction over the matter under § 2241.  *Washburn v. Barnwell Co. Gen. Sess.*, No. 1:25-2773-MGL-SVH, 2025 WL 1447451, at *1 (D. S.C. April 30, 2025).

This jurisdictional limitation comes from Article III, Section 2 of the United States Constitution, which limits federal courts to adjudicating live cases or controversies, that is, one in which the litigant has suffered or been threatened with an actual injury traceable to the defendant "and likely to be redressed by a favorable judicial decision."  *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).  Release from custody is the only remedy available under § 2241.  Because Davis has already been released, there is no further remedy this court can order the Respondent to provide.  *Bryant v. Berkebile*, No. 5:10-cv-00482, 2013 WL 4012641, at *2 (S.D. W.Va. Aug.5, 2013).

Because Davis's petition for a writ of habeas corpus is moot, I will dismiss the § 2241 petition.  Further, because Davis has not demonstrated that this procedural ruling is debatable, I will deny a certificate of appealability.  An appropriate order will be entered this date.

Enter:  April 21, 2026

*/s/ Robert S. Ballou*

Robert S. Ballou
United States District Judge

2